STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Premiere Homes of Vermont | } | |
| (Appeal of Daley; Appeal of Harrington) | } | Docket No. 186-9-05 Vtec |
| (Cross-Appeal of Premiere Homes of Vt.) | } | |
| | } | |

Amended Decision and Order on
Motion to Convert Mediated Agreement to Final Court Order

Applicant-Cross-Appellant Premiere Homes of Vermont (Applicant) is represented by Stephanie A. Lorentz, Esq.; Appellants Richard and Wendy Daley are represented by Attorney John A. Facey, III; Additional Appellant Brian Harrington represents himself; and the Town of West Rutland is represented by Will S. Baker, Esq. and Steven F. Stitzel, Esq. Interested persons Ralph H. Perry and Kurt Keller initially entered their respective appearances representing themselves, but did not participate in the initial pretrial telephone conference nor in the mediation. Mr. Keller did participate in the oral argument by telephone on the present motion. After the Court issued its order on the present motion on June 1, 2006, Applicant moved for reconsideration.

After receiving the parties memoranda on the motion for reconsideration, and after considering oral argument on the motion in a telephone conference on July 17, 2006, and a motion hearing on July 24, 2006, the Court hereby GRANTS the motion in part and DENIES the motion in part. Revisions to the June 1, 2006 order are granted as follows; the complete revised order is set forth below.

Revised Decision and Order

The Court issued a scheduling order in this matter after the initial pretrial conference, pursuant to V.R.E.C.P. 2(d); the scheduling order reflected that parties agreed

1

at the conference to engage in mediation, and required them to mediate. The mediation session was held on November 8, 2005, with mediator Joan Loring Wing. The parties signed an agreement to mediate circulated by the mediator prior to the session; that agreement recommends that the parties be represented by counsel and that they may consult with counsel during the mediation session and before entering into any written agreement resulting from the mediation session.

Participating in the mediation session were Attorney Lorentz, with Applicant's president; Attorneys Stitzel and Baker, with representatives of the Town; Attorney Facey with Appellant Richard Daley; and Appellant Harrington, representing himself. As described by the parties in the hearing on whether to adopt the settlement order as a court order in this matter, the mediation session lasted most of the day, during much of which the parties were in separate rooms while Mediator Wing went back and forth among them to discuss various proposals. As described by the participants, the mediation focused on the issues among the represented parties more than, or in advance of, the issues raised by Mr. Harrington in his clarified Statement of Questions, resulting in his perception[1] of being isolated during the mediation process, and being put under some pressure to reach an agreement.

The mediation resulted in a twelve-page document, consisting of six pages of handwritten text, numbered 1 through 6 near the upper left corner of each page; a handwritten page styled as a signature page pertaining to pages 1 through 6; a handwritten

---

[1] Due to the confidentiality agreement, Mr. Harrington was unable to detail to the Court the specific issues on which he stated that he felt pressured by the mediator to agree, and was therefore unable to fully portray to the Court the basis for his frustration with the mediation process. Because of this, we specifically note here that the result in this order is not due to Mr. Harrington's <u>subjective</u> perception of whether or not he felt improperly pressured to agree, but rather is based on the <u>objective evidence of which pages of the document he had signed.</u>

2

page numbered 7 near the upper left corner of the page, containing text regarding tree planting; a page labeled "Schedule A" consisting of a photocopied portion of the project plan near the Daleys' property, with handwritten restrictions as to location of structures and height of trees or shrubs; and a three-page photocopy of the August 10, 2005 Planning Commission decision that is the subject of the appeal, labeled on its first page "Exhibit B."

Applicant has moved for the handwritten document that resulted from the mediation to be converted to a final order of the Court. The Town and Appellants Daley support that motion. Appellant Harrington opposes it.

Page 1 of the document is (incorrectly) captioned "Richard and Wendy Daley v. Town of West Rutland Planning Commission," bears the title "Stipulation for Entry of Order," and states as its introductory language: "Now come the parties hereto and stipulate and agree that the Court may enter the following order in this matter." Paragraph 1 of the document, also on page 1, provides that the subdivision plat approval attached as Exhibit B is approved, subject to the "further terms and conditions set forth below." However, the page containing this paragraph is not signed or initialed by Mr. Harrington. Only the paragraph on the page numbered 7, dealing with the tree planting obligations, is signed by Mr. Harrington as well as by or on behalf of the Town, Appellants Daley, and Applicant. The first six pages and the signature page pertaining to those pages are signed only by or on behalf of the Town, Appellants Daley, and Applicant. Mr. Harrington did not sign those pages, or agree to the entry of any pages of the document as a court order, or agree to the approval of the Planning Commission's decision subject to the additional conditions laid out in the remainder of the document.

While this Court supports the use of mediation to resolve disputes filed as appeals in this Court, in the present matter, Additional Appellant Harrington only signed an agreement regarding the planting of trees, found on the page numbered 7. He therefore

can be held to the settlement of his issues regarding appropriate screening and planting of trees, but not to any settlement of the other issues raised in his clarified statement of questions. The documents do not show any agreement on the part of Mr. Harrington to the other paragraphs and do not show any agreement on his part to the entry of even page 7 as a court order. Therefore, the agreement embodied on pages 1 through 6 stands as an agreement among the Town, Appellants Daley, and Applicant, but it cannot be entered as an order of the Court resolving the entire case. This agreement could be entered as an order of the Court resolving the Daleys' appeal, but such an entry would have to be made subject to any future order that might be made or additional conditions that might be imposed in the litigation or future settlement of the issues (other than those related to appropriate screening or planting of trees) raised by Mr. Harrington in his clarified statement of questions.

On the other hand, the paragraph signed by Mr. Harrington constitutes an agreement among the Town, Appellants Daley, Applicant, and Mr. Harrington, but at the present time there is no agreement that it be entered as a court order or that it concludes any of the other issues (that is, other than those related to appropriate landscaping, screening, or preservation of existing trees or existing cover) raised by Mr. Harrington in his clarified Statement of Questions.

As discussed in the July 17, 2006 conference and limited in the July 24, 2006 motion hearing, by raising the issue of the adequacy and effectiveness of the stormwater drainage system, Mr. Harrington sought primarily to challenge the removal of trees within the Old Town Farm Road right-of-way and the use of swales in the grading of the land towards that drainage system to the extent that those features may affect his view of or screening of the proposed subdivision from his property. While he proposes to cross-examine Applicant's engineer as to the functioning of the drainage system, he does not propose to present any testimony, expert or otherwise, related to the adequacy of the stormwater

4

drainage proposed for the subdivision, in relation to its ability effectively to drain water. Accordingly, to the extent that the questions relating to drainage relate to issues of landscaping, screening, and preservation of existing trees or existing cover, they and the issues specifically relating to landscaping, screening, and preservation of existing trees or existing cover fall within the settlement paragraph that Mr. Harrington signed.

Therefore, reviewing the Clarified Statement of Questions as discussed on July 17, 2006 and July 24, 2006, it appears to the Court that the issues that remain relate to whether the subdivision uses the least areas of roadway, sewer, water and utility lines (§410.2); whether the proposed cul-de-sac street is allowed (§420.6); whether the proposed stormwater drainage system will function adequately as a drainage system; whether the subdivision is planned in reasonable conformity to existing topography in order to minimize grading, cut and fill (§480.1); and (to the extent that the hortatory language in §410 regarding the Town Plan has any regulatory effect), whether the development is "clustered" so as to preserve natural features such as forests, meadows and ridgelines. (§410 and p. 48 of the Town Plan).

Accordingly, the motion to convert the document resulting from the mediation to a court order is DENIED as to the issues raised in the Harrington clarified statement of questions, other than those related to appropriate landscaping, screening, and preservation of existing trees or existing cover, including the planting of trees. To the extent that facts are in dispute as to those remaining questions, a hearing on the merits of those questions has been scheduled for August 31, 2006,[2] at the Rutland District Court, beginning at 9:30

---

[2] At the July 24, 2006 conference, the Court had set August 15, 2006, by agreement of the parties, as the date for the hearing of the remaining issues raised by Appellant Harrington. On July 27, 2006, however, the Court received Attorney Lorentz' letter that her witness will not be available from August 10 through August 21, 2006. Accordingly, the next available date in the Court's schedule, Thursday, August 31, 2006, has been set instead for the hearing at the Rutland District Court. (See enclosed notice.)

a.m. (See enclosed notice). Please arrive at the Court by 9:00 a.m. to mark all exhibits and determine whether there will be any objection to their admission at trial, in advance of the commencement of the hearing. As in all <u>de novo</u> hearings before this Court, the Applicant should be prepared to begin the hearing with a brief presentation of the application to the Court, and a fuller presentation of the Applicant's evidence on the contested issues.

The parties shall submit any trial memoranda, written legal argument and requests for findings so that they are received at the Environmental Court mailing address on or before August 21, 2006. The parties will be given the opportunity to make their responses to those filings **orally** on the record at the hearing, so that the Court may be able to make findings and to rule on this matter on the record of that hearing, if at all possible.

Done at Berlin, Vermont, this 31st day of July, 2006.

_____
      Merideth Wright
      Environmental Judge